UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
CHANDRA CATES et al.,                                        :
                                                             :
                                   Plaintiffs,               :
                                                             :
                -v-                                          :     16-cv-6524 (KBF)
                                                             :     16-cv-6488 (KBF)
THE TRUSTEES OF COLUMBIA                                     :
UNIVERSITY IN THE CITY OF NEW YORK                           :     MEMORANDUM
et al.,                                                      :     DECISION & ORDER
                                                             :
                                   Defendant.                :
                                                             :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 28, 2017

KATHERINE B. FORREST, District Judge:

     Plaintiffs, individually and as the representatives of a class, have alleged that Columbia University ("Columbia") violated sections 404 and 406 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104 and 1106 (2012). The instant action is one of a number of cases filed in district courts across the country by the same counsel alleging that university pension plans, known as "403(b) plans," typically with significant assets, have not been managed prudently or for the exclusive purpose of providing benefits to participants and their beneficiaries, in violation of ERISA. The Court recently issued a decision on a similar motion with regard to New York University's Plan. (Sacerdote v. New York Univ., 16-CV-6284-KBF (S.D.N.Y. August 25, 2017).) Here—as in the NYU case—plaintiffs allege a wide array of acts or omissions by Columbia that they assert amount to serious ERISA violations with regard to two 403(b) plans. ERISA

requires, inter alia, that Columbia comply with its fiduciary obligation to administer the Plans solely in the interest of Plan participants and to act prudently.

Now pending before the Court is defendants' motion to dismiss plaintiffs' Consolidated Amended Complaint. (ECF No. 81.) For the reasons set forth here, and more extensively in this Court's decision in Sacerdote, this motion is GRANTED in part and DENIED in part.

I. BACKGROUND

Columbia University offers two retirement plans to its faculty and employees: the Retirement Plan for Officers of Columbia University ("Officers Plan") and the Columbia University Voluntary Retirement Savings Plan ("VRSP") (together, the "Plans"). (Consol. Am. Compl. (ECF No. 52) ¶ 9.) The Plans are both defined contribution, individual account, employee pension benefit plans under 29 U.S.C. § 1002(2)(A) and § 1002(3). The Officers Plan is funded by Columbia on employees' behalf, while the VRSP is funded by employees' elective contributions. (Id. ¶ 11.) Each plan is allegedly known as a "jumbo plan," and each is in the largest 0.06% of all defined contribution plans in the United States. (Id.) About 20,000 employees of Columbia have accounts in both Plans, and about an additional 7,000 are enrolled in just the Officers Plan. (Id. at ¶ 12.) Like NYU's plans, the Plans at issue here are maintained by Vanguard and TIAA-CREF and share many of the same characteristics.

The two Columbia Plans offer "identical investment menu[s]" made up of 116 investment options ("Options"). (Id. ¶ 100.) Defendants select which Options are

included in the Plans, and participants "elect how to allocate [their] contributions by selecting from a menu of Plan investment options." (Id. ¶ 99.) Many Plans offer multiple share classes, as well as the TIAA Traditional Annuity. (Id. ¶¶ 101-02.) According to the Consolidated Amended Complaint, TIAA-CREF requires that NYU include its proprietary investment products in the Plans and retain its recordkeeping services.

II.   ANALYSIS

Plaintiffs in this action allege that defendants violated ERISA in the following ways:

- Breaching the fiduciary duty of loyalty (Counts I, III, and V, in part);
- Breaching the fiduciary duty of prudence (Counts I, III, and V, in part);
- Engaging in prohibited transactions (Count II, IV, and VI); and
- To the extent Columbia delegated its fiduciary duties, failing to monitor its delegates (Count VII).

(Consol. Am. Compl. ¶¶ 207-258.) For the same reasons as those set forth in Sacerdote, the Court grants a dismissal of all but the prudence claims in Counts III and V. While the Plans in this case and in Sacerdote vary at the margins—for example, these Plans have more investment Options, and the ways in which employees enroll in the Plans differ—no difference is material to the claims at hand.[1] Defendants' allegations under the statute of limitations survive as well, as

---

[1] Plaintiffs here allege that two-thirds of the Plans' investment Options underperformed their benchmarks, a claim not present in Sacerdote. This difference does not materially affect the Court's analysis at this stage, as Count V's prudence claim is not being dismissed.

the Court does not have enough information to rule on them at this stage—a fuller record is necessary.  (ECF No. 82 at 23-25.)

The Court notes, however, that plaintiffs here state an additional allegation in Counts I-VI not present in the complaint in <u>Sacerdote</u>: that "[e]ach Defendant knowingly participated in the breach of the other Defendants, knowing that such acts were a breach, enabled the other Defendants to commit a breach by failing to lawfully discharge its own fiduciary duties, knew of the breach by the other Defendants and failed to make any reasonable effort under the circumstances to remedy the breach.  Thus, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a)."  (Consol. Am. Compl. ¶¶ 212, 218, 227, 232, 246, 251.)  In the event a defendant did commit a breach of its fiduciary duty, co-defendants may be liable under § 1105(a); that issue will be decided at a later date in conjunction with the claims that remain.

III.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and DENIED in part.  Counts I, II, IV, VI, and VII are dismissed in their entirety.  The prudence claims in Counts III and V remain to the extent discussed above, as do any claims regarding the statute of limitations.

SO ORDERED.

Dated:   New York, New York
August 28, 2017

_____
KATHERINE B. FORREST
United States District Judge