IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHANDRA CATES et al.,

*Plaintiffs*,

v.

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al.,

*Defendants*.

Civil Action No. 1:16-cv-06524-GBD

Hon. George B. Daniels

**CORRECTED JOINT STIPULATION FOR CLASS CERTIFICATION**

WHEREAS, the Plaintiffs commenced the instant lawsuit on August 18, 2016, individually, as putative representatives of a class of participants and beneficiaries of the Retirement Plan for Officers of Columbia University and the Columbia University Voluntary Retirement Savings Plan (collectively "Plans"), and under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(2) and (3) on behalf of the Plans against the Defendants; and

WHEREAS, Plaintiffs filed a Consolidated Complaint on February 7, 2017; alleging that Defendants: (1) improperly agreed to a bundled-services agreement with TIAA that required the Plans to offer participants the opportunity to invest in two of TIAA's variable annuities and to use TIAA as a recordkeeper (Counts I & II); (2) permitted unreasonable administrative fees to be assessed against the accounts of plan participants (Counts III & IV); (3) offered investment options with excessive fees and offered two investment funds—the CREF Stock Account and the TIAA Real Estate Account—that underperformed (Counts V & VI); and (4) breached their fiduciary duties by failing to monitor delegates who administered the Plans (Count VII); and

WHEREAS, Plaintiffs alleged the actions challenged in Counts I, III, and V amounted to

breaches of the duties of loyalty and prudence under Section 404 of ERISA (29 U.S.C. § 1104); the actions challenged in Counts II, IV, and VI amounted to prohibited transactions under Section 406 of ERISA (29 U.S.C. § 1106); and the actions challenged in Count VII amounted to a failure to monitor co-fiduciaries under Section 405 of ERISA (29 U.S.C. § 1105); and

WHEREAS, this Court dismissed Counts I, II, IV, VI, and VII in their entirety, and dismissed Counts III and V, except insofar as those counts state claims for breach of the fiduciary duty of prudence under 29 U.S.C. § 1104; and

WHEREAS, the Defendants deny the allegations in the Consolidated Complaint; and

WHEREAS, no admission or finding of liability has been made in this case; and

WHEREAS, the parties have agreed to certify a class on certain of Plaintiffs' claims on the following terms:

**It is hereby stipulated, by and between the undersigned parties, as follows:**

1. This stipulation supersedes and corrects the parties' previous stipulation of September 28, 2018 (Dkt. 195).

2. By stipulation of the parties, the Court may order the certification of the following class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)(A) and (B):

> All participants and beneficiaries of the Retirement Plan for Officers of Columbia University and the Columbia University Voluntary Retirement Savings Plan from August 17, 2010, through the date of judgment, excluding the Defendants.

3. The class period is August 17, 2010, through the date of judgment.

4. The Plaintiff class is so numerous that joinder of all members is impracticable.

5. There are questions of law or fact common to the class.

6. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

7.      The representative parties will fairly and adequately protect the interests of the class.

9.      This stipulation pertains to Counts III and V (to the extent not previously dismissed), except that it does not pertain to any aspect of Count V in which Plaintiffs challenge as imprudent investment funds other than the CREF Stock Account or the TIAA Real Estate Account. With respect to such other funds, Defendants intend to oppose certification of a class.

9.      Plaintiffs acknowledge that they do not and will not contend that the allegedly excessive administrative fees paid by participants in the Plan resulted, in full or in part, from the method for allocating fees among the Plans, the Columbia University Retirement Plan for Supporting Staff, and the Columbia University Retirement Plan for Supporting Staff Association. This stipulation does not prevent Plaintiffs from asserting that the allegedly excessive administrative fees were caused in part by failure to consolidate the two Plans into a single plan or to otherwise use the combined participant base of both Plans to negotiate administrative fees.

Except as stated in paragraph 9, this stipulation is solely for the purpose of resolving class certification and is without prejudice to the parties' legal and equitable rights and defenses in this action.

Dated: November 9, 2018

Respectfully submitted,

Brian D. Netter
bnetter@mayerbrown.com
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Nancy G. Ross
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

*Attorneys for Defendants*

Jerome J. Schlichter*
jschlichter@uselaws.com
Andrew D. Schlichter, Bar No. 4403267
Heather Lea*
Joel D. Rohlf*
Ethan D. Hatch*
Scott Apking*
SCHLICHTER BOGARD & DENTON, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
*admitted pro hac vice

*Attorneys for Plaintiffs*