USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/01/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Chandra Cates et al.,

                  Plaintiffs,

-against-

The Trustees of Columbia University in the City of New York et al.,

                  Defendants.

1:16-cv-06524 (GBD) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Defendants Trustees of Columbia University et al ("Columbia" or "Defendants") for an Order, pursuant to Federal Rule of Civil Procedure 37(c), seeking to preclude Plaintiffs from pursuing damages related to the alleged underperformance of any Plan investment other than the CREF Stock Account or TIAA Real Estate Account. (Defs.' Notice of Mot., ECF No. 239.) For the reasons set forth below, Defendants' motion is DENIED.

**BACKGROUND**

**I.    Plaintiffs' Consolidated Complaint**

Plaintiffs filed their Consolidated Complaint in this case on February 7, 2017. (Cons. Compl., ECF No. 76-1.) The Consolidated Complaint alleges that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act ("ERISA") by allowing certain underperforming investments to remain in the Retirement Plan for Officers of Columbia University and the Columbia University Voluntary Retirement Savings Plan (collectively, the "Plans"). (Cons. Compl. ¶ 1.) The Complaint identifies 76 funds as "underperforming funds." (*Id*. ¶ 172.) From these funds, Complaint singles out the CREF Stock Account and TIAA Real Estate

Account as two funds that "in particular demonstrate the severe harm to the Plans resulting from Defendants' breaches of fiduciary duty" (*id*. ¶ 173), and devotes numerous paragraphs to addressing these two funds. (*Id*. ¶¶ 174-202.)

## II.     Plaintiffs' Rule 26 Disclosures

Plaintiffs served their Rule 26 disclosures on December 22, 2017. (Pls.' Rule 26 Disclosures, Ex. A to Defs.' 2/14/2019 Letter, ECF. No 221-1.) In their disclosures, under the damages category of "Imprudent Retention of Historically Underperforming Investment Options," Plaintiffs listed losses in excess of $242 million based upon the imprudent retention of the CREF Stock Account, and damages in excess of $60 million based upon the imprudent retention of the TIAA Real Estate Account. (*Id.* at 5-6.) Plaintiffs noted that "[d]iscovery and expert analysis will be necessary for a complete determination of damages," and that they "reserve their right to revise and supplement these disclosures by means of amendments or expert disclosures." (*Id*. at 4-5.) Moreover, after discussing the CREF Stock Account and the TIAA Real Estate Account, Plaintiffs stated that "until discovery, they are not in a position to state damages with greater specificity. Plaintiffs will supplement following discovery." (*Id*. at 6.)

After Columbia advised Plaintiffs that their disclosures were inadequate due to their failure to provide computations of damages sought (*see* Netter Letter, Ex. C to Defs.' 2/14/2019 Letter, ECF No. 221-3), Plaintiffs served supplemental Rule 26 disclosures on January 31, 2018. (Pls.' Suppl. Rule 26 Disclosures, Ex. B to Defs.' 2/14/2019 Letter, ECF No. 221-2.) In the supplemental disclosures, under the damages category of "Imprudent Retention of Historically Underperforming Investment Options," Plaintiffs explain how they computed losses exceeding $522 million for the CREF Stock Account and how they computed losses exceeding $14 million

2

for the TIAA Real Estate Account. (*Id*. at 6-7.) Plaintiffs also state that they "specifically reserve their rights to amend, correct, revise, and/or supplement these disclosures, directly and/or through expert testimony, after additional investigation, expert opinion, and after all discovery is complete and in compliance with the Federal Rules of Civil Procedure and in accordance with this Court's scheduling order." (*Id.* at 1-2.)

III. **Expert Reports**

On October 26, 2018, Plaintiffs disclosed the expert reports of: (1) Wendy Dominguez (the "Dominguez Report"); and (2) Dr. Gerald Buetow (the "Buetow Report"). (Defs.' Mem. of L., ECF No. 240, at 7; Pls.' Mem. of L. in Opp., ECF No. 246-1,[1] at 1.) The Dominguez Report attributes damages to 22 funds, including the CREF Stock Account and TIAA Real Estate Account. (Defs.' Mem. of L. at 7; *see also* Dominguez Report, Ex. E to Defs.' 3/1/2019 Letter, ECF No. 238-1.) According to Defendants, of the damages calculated by Dominguez, $380.8 million in damages is attributable to the CREF Stock Account and TIAA Real Estate Account, and $74 million is attributable to other funds. (Defs.' Mem. of L. at 7.) The Buetow Report incorporates and adopts the Dominguez Report and thus addresses the same 22 funds as the Dominguez Report. (*See* Buetow Report, Ex. F to Defs.' 3/1/2019 Letter, ECF No. 237-1, at 1; *see also id.* at n.1.)

On December 7, 2018, Columbia disclosed the expert report of John Chalmers (the "Chalmers Report"). (Defs.' Mem. of L. at 7.) He stated in his report that he had been asked by Columbia's counsel "to review and evaluate Ms. Dominguez's analysis related to her opinions

---

[1] On March 25, 2019, Plaintiffs filed a letter-motion seeking leave to file a corrected opposition memorandum and attaching the corrected memorandum as Exhibit 1 to their letter-motion. (ECF Nos. 246 & 246-1.) The letter-motion was unopposed, and I granted the letter-motion via Order on March 29, 2019. (ECF No. 249.)

3

that certain investment options . . . should have been removed from" the Plans. (Chalmers Report, Ex. 1 to Pls.' Mem. of L., ECF No. 245-1, ¶ 9.) Chalmers responded to Plaintiffs' experts' calculations for each of the 22 funds. (*See id*. ¶¶ 92-140.)

IV.     **Columbia's Motion To Preclude**

By Letter Motion dated February 14, 2019, Columbia sought to preclude Plaintiffs from introducing evidence on damages claims for funds other than the CREF Stock Account and the TIAA Real Estate Account. (Defs.' Letter Mot., ECF No. 221.) That Letter Motion was denied without prejudice to Columbia filing a formal motion to preclude. (2/22/19 Order, ECF No. 231.) Columbia filed its formal motion on March 1, 2019.[2] (ECF No. 239.) The motion, with opposition and reply thereto, is pending before me now.

## THE COURT'S AUTHORITY UNDER FED. R. CIV. P. 72

I have the authority to decide this motion via Opinion and Order rather than issuing a Report and Recommendation to District Judge Daniels. Pretrial matters "not dispositive of a party's claim or defense" may be referred to a Magistrate Judge for hearing and decision, subject to review by the District Judge on a "clearly erroneous" or "contrary to law" standard if a party files timely objections. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Motions for dispositive relief may be referred to a Magistrate Judge for report and recommendation, subject to *de novo* review by the District Judge. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(B). Motions like the one before the Court seeking preclusion sanctions "are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed

---

[2] An Amended Order of Reference was entered by District Judge Daniels on March 5, 2019 referring all motions to me. (Am. Order of Reference, ECF No. 243.)

disposes of a claim." *See Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-CV-01095 (PKC) (BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016) (internal quotation and citation omitted). "The critical issue . . . is what sanction the magistrate judge actually imposes," not what sanction the moving party seeks. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2, at 383 (3d ed. 2014). Thus, "[i]f a moving party requests a dispositive sanction, but the magistrate judge declines to impose it, the judge's decision is governed by Rule 72(a)," and may be modified or set aside only if "clearly erroneous or contrary to law." *Steele v. Costco Wholesale Corp.*, No. 03-CV-0713 (NG) (MDG), 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005). Because I have determined not to impose sanctions, I have the authority to decide Defendants' motion pursuant to Rule 72(a) and § 636(b)(1)(A), and I need not proceed by way of a Report and Recommendation.

## LEGAL STANDARDS

### I. Rule 26(a) – Duty To Disclose Categories of Damages

Pursuant to Rule 26(a)(1)(A)(iii), a party seeking damages must automatically "provide to the other parties . . . a computation of each category of damages claimed by the disclosing party" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). "A party is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E).

### II. Rule 37(c) – Failure To Disclose Or To Supplement

In order to ensure parties' compliance with the mandatory disclosure requirements of Rule 26, Rule 37(c)(1) of the Federal Rules of Civil Procedure provide that: "If a party fails to

5

provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Rule further states:

> [i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>     (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>     (B) may inform the jury of the party's failure; and
>     (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

*Id*. In turn, Rule 37(b)(2)(A)(i)-(vi) lists a range of available sanctions, ranging from directing that certain facts be taken as established, to rendering a default judgment against a party.

### III.    Preclusion As A Discovery Sanction

Despite the seeming self-executing nature of the preclusion sanction contained in Rule 37, imposition of such sanction remains within the trial court's discretion; the text of the rule provides that, after affording the dilatory party an opportunity to be heard, the Court has the discretion to impose less severe sanctions. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006). Indeed, courts have "broad discretion" to determine the nature of any sanction that should be imposed under Rule 37, "based on all the facts of the case." *AAIpharma Inc. v. Kremers Urban Dev. Co.*, No. 02-CV-9628 (BSJ) (RLE), 2006 WL 3096026, at *5 (S.D.N.Y. Oct. 31, 2006) (citation omitted). Further, as preclusion of evidence is a "harsh remedy," it "should be imposed only in rare situations*." Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (quoting *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)); *see also*, *e.g.*, *Conte v. Newsday, Inc.*, No. 06-CV-4859, 2011 WL 2671216, at *1 (E.D.N.Y. July 7, 2011) (noting that "courts in this Circuit have recognized that preclusion is a 'harsh sanction'"); *Kunstler*

*v. City of New York*, 242 F.R.D. 261, 265 (S.D.N.Y. 2007) (noting that preclusion is "disfavored"); *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ("Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution.").

"Before [granting] the extreme sanction of preclusion," the Court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988). In determining whether preclusion or another sanction would be appropriate, courts should consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of . . . the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (citing *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

## ANALYSIS

Columbia seeks to preclude Plaintiffs from pursuing damages related to the alleged underperformance of any Plan investment other than the CREF Stock Account or TIAA Real Estate Account. (Defs.' Mem. of L. at 19.) Columbia argues that, because Plaintiffs' initial disclosures did not address any of the 20 other funds that are the subject of Plaintiffs' expert reports, such preclusion is warranted as a discovery sanction. (*See id*. at 15-19.) The Court disagrees.

The Court in its discretion finds that Plaintiffs complied with their disclosure obligations under Rule 26(a), such that there is no basis for preclusion. The purpose of Rule 26(a) disclosures is to "accelerate the exchange of basic information" that is "needed in most cases to prepare for

7

trial or make an informed decision about settlement." Fed. R. Civ. P. 26(a) advisory committee's note to the 1993 amendment. *Accord Monroig v. RMM Records & Video Corp*., 194 F.R.D. 388, 392 (D.P.R. 2000) ("This disclosure attempts to aid the parties to prepare for trial or to make informed decisions about possible settlement alternatives."). Even though Rule 26(a) does not elaborate further on the level of specificity required in the initial damages disclosure, it is plainly not the purpose of Rule 26(a) disclosures to create a trap for the unwary plaintiff at the outset of a case to have large portions of damages excluded.

In their initial disclosure and supplemental initial disclosure, Plaintiffs disclosed the amount of damages they were seeking, as well as the categories of damages, and alerted Columbia to the fact that expert disclosures and expert testimony regarding damages would be provided. I find that this was sufficient under the circumstances to meet their obligations under Rule 26. *See* 6 J. Moore, *Moore's Federal Practice* § 26.22[4][c][ii], at 26-90 to 26-91 (3d ed. 2018) (where damages calculations were "appropriately the subject of expert evidence," damages disclosure obligation "would be controlled by the expert disclosure rules"). Here, Plaintiffs' experts timely provided damages disclosures to Columbia and Columbia's expert submitted a report in response to those disclosures.

At best, there has been a technical violation of Rule 26(a) by Plaintiffs. However, considering the factors articulated in *Patterson*, 440 F.3d at 117, Columbia is not entitled to preclusion under Rule 37. First, Plaintiffs' explanation that they disclosed the "category" in which the damages for the 20 funds at issue fell, *i.e.*, "Historically Underperforming Investment Options" (see Pls.' Mem. of L. in Opp. at 2), is a reasonable one, since Rule 26(a)(1)(iii) requires disclosure of "each category of damages claimed." Second, the damages evidence that Columbia

8

seeks to preclude is important to the Plaintiff Class. If Columbia's motion to preclude were to be granted, then the Plaintiff Class would be deprived of the opportunity to recover over $70 million in damages. Third, there has been no prejudice to Columbia. Columbia admits that its own expert, Chalmers, was able to submit a comprehensive report regarding all 22 of the funds addressed by Plaintiffs' experts. (*See* Reply, ECF No. 248, at 7 ("Dr. Chalmers did a good job analyzing [the 20 new] funds in the limited time available to him.").) If there truly were any prejudice, the Court expects that Columbia would have raised an issue regarding Plaintiffs' damages disclosures in the weeks after receiving Plaintiffs' expert report, and certainly prior to Columbia submitting its own responsive expert report.[3] Finally, there is no need for a continuance, given the fact that Columbia already has taken the deposition of Dominguez and already has submitted a report of its damages expert.[4]

---

[3] Similarly, and in any event, the Court finds that sanctions are not appropriate under Rule 37(c) since any failures to disclose by Plaintiffs were harmless. *See* Fed. R. Civ. P. 37(c)(1) (no preclusion if discovery failure is "harmless"). Notwithstanding the timing of Plaintiffs' damages disclosures, Columbia's damages expert was able to provide a thorough and comprehensive response. Thus, Columbia has suffered no demonstrable harm.

[4] Because the Court is denying Columbia's motion, it need not consider Plaintiffs' alternative argument that Columbia is judicially estopped from arguing that Plaintiffs seek "damages," since Columbia previously argued that the relief sought by Plaintiffs was equitable. (Pls.' Mem. of L. in Opp. at 3-6.) Nevertheless, the Court notes that courts in ERISA cases have referred in some circumstances to "money damages" as being an "equitable remedy." *See, e.g.*, *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 882 (7th Cir. 2013); *see also D'Iorio v. Winebow, Inc.*, 68 F. Supp. 3d 334, 357 (E.D.N.Y. 2014) (referring to the recovery of money damages under a "surcharge theory").

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to preclude certain damages claims (ECF No. 239) is DENIED.

**SO ORDERED.**

DATED: New York, New York
April 1, 2019

_____
STEWART D. AARON
United States Magistrate Judge