USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 15 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHANDRA CATES et al.,

Plaintiffs,

-against-

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,

Defendant.

MEMORANDUM DECISION AND ORDER

16 Civ. 6524 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

Before this Court is Defendant's motion for partial reconsideration of the November 15, 2018 order granting class certification as to Plaintiffs' claims under count V.[1] (*See* Order dated November 15, 2018 ("November 15, 2018 Order"), ECF No. 218; Def.'s Mot.) Familiarity with the factual and procedural background of this case is assumed.

Defendant requests that this Court reconsider its decision to grant class certification regarding three investment funds in which Plaintiffs did not invest—"Vanguard Energy, Vanguard Precious Metals (now known as Vanguard Global Capital Cycles), and Vanguard U.S. Growth"—and to dismiss Plaintiffs' claims against those funds for lack of Article III standing.[2] (Def.'s Mem., at 5.) Defendant's motion is DENIED.

[1] Defendant does not seek "reconsideration of the Court's order certifying a class regarding Plaintiffs' recordkeeping claims." (Def.'s Mot. for Partial Reconsideration of Order Granting Class Cert. and Denying Mot. to Dismiss ("Def.'s Mot."), ECF No. 370, at 2 n.1.)

[2] Defendant originally moved for partial reconsideration of class certification for seventeen of the twenty-two investment funds challenged by Plaintiffs. (Def.'s Mem., at 1–2.) Plaintiffs have since informed Defendant that they intend to pursue claims against only six of the twenty-two investment funds. (Exhibit 1, ECF No. 415-1.) Because Plaintiffs continue to challenge three investment funds in which they did not invest, Defendant states that Plaintiffs' "abandonment does not affect the substance of the arguments before the Court." (Letter dated February 16, 2021, ECF No. 415, at 1.)

## I. LEGAL STANDARD

"Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Brook v. Simon*, No. 17 Civ. 6435 (GBD), 2021 WL 878561, at *1 (S.D.N.Y. Mar. 9, 2021) (citing *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Grounds justifying reconsideration include 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Bascunan v. Elsaca*, No. 15 Civ. 2009 (GBD), 2020 WL 5521778, at *2 (S.D.N.Y. July 22, 2020) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted).

## II. DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED

Defendant contends that this Court should reconsider its November 15, 2018 Order granting class certification because the Supreme Court's recent holding in *Thole* invalidates that order. Defendant argues that the *Thole* Court held that Plaintiffs can no longer "proceed on a derivative basis" but must "articulate an individualized injury" as to each challenged fund. (Def.'s Mot. at 3.) Defendant attempts to extend *Thole* too far. That case does not invalidate this

Court's November 15, 2018 Order. Accordingly, because Defendant fails to provide a justification for reconsideration in this case, its motion is denied.

In *Thole*, participants in a defined-benefit plan filed a putative class action, alleging defendants mismanaged the plan in breach of the duties of loyalty and prudence by "poorly investing" the plan's assets. *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). The Supreme Court held that plaintiffs lacked Article III standing to maintain a suit against defendants because, as defined-benefit plan participants, plaintiffs "received all of their monthly benefit payments" and were "legally and contractually entitled to receive those same monthly payments for the rest of their lives." *Id.* at 1618–19. The *Thole* Court was faced with a circumstance in which the plaintiffs did not have a "concrete stake in [the] lawsuit" because win or lose "they would still receive the exact same monthly benefits that they [were] already slated to receive." *Id.* Contrary to Defendant's contention, the issue before the *Thole* Court is not an issue that is present here. Plaintiffs have established Article III standing by demonstrating that they have a concrete stake in this lawsuit. Accordingly, Plaintiffs "have standing to assert all of the claims brought in this action even though they did not invest in each of the [funds] at issue." *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 155 (S.D.N.Y. 2017); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009) (Since plan participant established "standing under Article III, . . . § 1132(a)(2) provides him a cause of action to seek relief for the entire Plan.").

Despite Defendant's argument otherwise, it was "[o]f decisive importance" to the *Thole* Court's decision that the case involved a "defined-benefit plan, not a defined-contribution plan." *Thole*, 140 S. Ct. at 1618. This is so because, as participants in a defined-benefit plan, where they "receive a fixed payment" that "do[es] not fluctuate with the value of the plan or because of

. . . [any] investment decisions," the *Thole* plaintiffs could not allege an injury in fact to support standing for their claims.[3] *Id.* at 1618.

Further, *Thole* does not support the proposition that a defined-contribution plan participant, who satisfies Article III standing with respect to some of the challenged funds in the plan, lacks standing to assert claims on behalf of the plan itself. Indeed, *Thole* contradicts such a rule. Commensurate with the law applied by this Court, the Supreme Court stated that the *Thole* plaintiffs needed to meet their own Article III standing requirements, in order to "assert standing as representatives of the plan itself." *Id.* at 1620. Had the *Thole* plaintiffs alleged their own injury in fact, they would have had standing to assert claims on behalf of other affected plan participants. Indeed, requiring a defined-contribution plan participant to establish an injury with respect to each fund being challenged, regardless of the plan participant's claims, is unduly restrictive and is not in accordance with the law. Consequently, Defendant's request for reconsideration is denied.[4]

[3] The cases that Defendant cites which apply *Thole* are either inapposite or in line with this Court's reading of *Thole*. *See e.g.*, *Ortiz v. Am. Airlines, Inc.*, No. 4:16 Civ. 151-A (JM), 2020 WL 4504385, at *13 (N.D. Tex. Aug. 5, 2020) (finding that plaintiffs' alleged injuries are "at best speculative, not concrete" because they did not allege that "they would have chosen" the fund that they claim defendants should have offered). "*Thole* and the Constitution" simply require "a concrete stake in the outcome of [Plaintiffs] claims," which Plaintiffs have established. *Boley v. Universal Health Servs., Inc.*, No. 20 Civ. 2644 (MAK), 2020 WL 6381395, at *6 (E.D. Pa. Oct. 30, 2020) (Defendants "attempt to 'make standing law more complicated'" by arguing that plaintiffs need to "demonstrate standing with respect to each of the funds in a plan," regardless of plaintiffs' claims.).

[4] Since Defendant has failed to establish a justification for reconsideration, this Court declines to consider its remaining arguments addressing the "two backup arguments" previously raised by Plaintiffs in support of their motion to certify the class. (*See* Def.'s Mot. at 4–5; *Tonga Partners*, 684 F.3d at 52 (A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'") (citations omitted).)

## III. CONCLUSION

Defendant's motion for reconsideration, (ECF No. 370), is DENIED. The Clerk of Court is directed to terminate the motion accordingly.

Dated: New York, New York
March 15, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge