## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CHANDRA CATES, KELLY STUART,
HARRY L. BROWN, OLGA S. CARR,
PHYLLIS E. HULEN, DR. SAUL
SILVERSTEIN, AND WILLIAM S.
VALENTINE individually and as
representatives of a class of participants and
beneficiaries of the Retirement Plan for
Officers of Columbia University, and the
Columbia University Voluntary Retirement
Savings Plan,

*Plaintiffs,*

v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK,

*Defendant.*

No. 1:16-cv-06524-GBD



## [PROPOSED] MEMORANDUM AND ORDER

Schlichter Bogard & Denton LLP, Class Counsel for Plaintiffs, seeks an award of

attorneys' fees, reimbursement of reasonable litigation expenses, and awards for Class

representatives from a common fund created from the class action settlement (ECF No. 443-1).[1]

The Court has reviewed Class Counsel's motion, ECF No. 446, and supporting evidence, as well

as attorney fee and class representative awards from similar cases. For the reasons stated herein,

the Court hereby **GRANTS** the motion.

---

[1] "ECF No." page references are to the CM/ECF header page number.

## I.     BACKGROUND

On August 16, 2016, Jane Doe filed a complaint in the United District Court for the

Southern District of New York (Case No. 16-cv-06488) on behalf of the Plans alleging breach of

fiduciary duty and prohibited transactions under ERISA and seeking equitable relief. On August

17, 2016, Chandra Cates and Kelly Stuart filed a similar complaint on behalf of the Plans in the

Southern District of New York (Case No. 16-cv-06524).[2]

On January 24, 2017, the Court consolidated the two actions. ECF No. 63. The operative

complaint is the consolidated complaint filed on February 7, 2017 by Chandra Cates, Kelly

Stuart, Harry L. Brown, Olga S. Carr, Phyllis E. Hulen, Dr. Saul Silverstein, William S.

Valentine and Jane Doe against the following: The Trustees of Columbia University in the City

of New York, Jeffrey Scott, Lucinda Durning, Louis Bellardine, William L. Innes, Barbara

Hough and Diane L. Kenney (the "Complaint").[3] ECF No. 76-1.

Plaintiffs alleged that Defendant breached its fiduciary duties and committed prohibited

transactions relating to the management, operation, and administration of the Plans. Plaintiffs

sought to recover all alleged losses to the Plans resulting from each breach of duty under 29

U.S.C. § 1109(a) and for other equitable and remedial relief.

On August 28, 2017, the Court granted in part and denied in part Defendant's motion to

dismiss Plaintiffs' amended complaint. ECF No. 116. Following the Court's motion to dismiss

order, Plaintiffs' remaining claims alleged Defendant violated ERISA 29 U.S.C. § 1104 by

causing the Plans to pay excessive recordkeeping fees and including numerous imprudent

---

[2] Doe subsequently voluntarily dismissed her claim. ECF No. 145.
[3] Columbia later agreed to accept responsibility for any breaches committed by the individual
defendants, and the Parties stipulated to the individual defendants' dismissal. ECF No. 202.

investment options. *Id.* at 5. Plaintiffs moved for partial reconsideration of that motion to dismiss order, which Defendants opposed and which the Court denied. ECF No. 125.

The parties then proceeded to discovery. The parties submitted competing scheduling orders, ECF Nos. 128-1 and 128-2, a joint negotiated protective order, ECF No. 130-1, and a stipulation for discovery of hard copy documents and electronically stored information. ECF No. 132-1. The parties conducted extensive written discovery, with over 240,000 pages of documents produced by the parties or relevant third parties. These materials required extensive review by all parties, particularly Plaintiffs' counsel. All documents produced required close and detailed analysis along with discussions with consultants and experts retained by Plaintiffs' counsel. Decl. of Joel D. Rohlf ("Rohlf Decl.") ¶¶ 16-17. In total, the parties took the depositions of seven named Plaintiffs, ten Columbia-affiliated witnesses, seven witnesses affiliated with service providers to the Plans, and six expert witnesses. *Id.* ¶¶ 18, 21.

On November 15, 2018, the Court certified Plaintiffs' lawsuit as a class action under Federal Rule of Civil Procedure 23(b)(1), appointed Plaintiffs' undersigned attorneys as Class Counsel, appointed Plaintiffs Cates, Stuart, Brown, Carr, Hulen, Silverstein, and Valentine as Class Representatives, and defined the certified class as follows:

> All participants and beneficiaries of the Retirement Plan of the Officers of Columbia University and the Columbia University Voluntary Retirement Savings Plan from August 10, 2010, through the date of judgment, excluding the Defendants.

ECF No. 218.[4] On March 30, 2020, the Court denied Defendant's motion for summary judgment and Defendant's motions to exclude Plaintiffs' expert witnesses. ECF No. 361. Plaintiffs continued litigating the case after summary judgment, preparing all pretrial exchanges and fully preparing

---

[4] In order to effectuate the Settlement, the parties required an ending date for the Class definition. The parties chose March 31, 2021 as the close of the Class period defining those Plan participants and former participants who will be included in the Class.

3

for trial. The matter had been set for a bench trial starting on April 12, 2021. ECF No. 382. On

April 7, 2021, the parties jointly notified the Court that they had reached an agreement to settle the

case on a class-wide basis and requested a stay of all deadlines in the case. ECF No. 436. The

Court granted the motion the following day. ECF No. 437.

## II. ANALYSIS

### 1. Attorneys' Fees in Class Action Settlements

Class Counsel requests an award of attorneys' fees in the amount of one-third of the

settlement fund, or $4,333,333.33. The Court finds the requested fee of one-third of the monetary

recovery is reasonable and appropriate given the significant risk of nonpayment in in this

complex ERISA class action. *In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 127 F.Supp.2d

418, 433 (S.D.N.Y. 2001) (it is "appropriate to take this [contingent-fee] risk into account in

determining the appropriate fee to award").

District courts in the Second Circuit analyze six factors to determine the reasonableness

of a fee award in a common fund case:

(1) the time and labor expended by counsel; (2) the magnitude and complexities of
the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5)
the requested fee in relation to the settlement; and (6) public policy considerations.

*Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (internal quotations omitted).

After applying these factors, the Court finds that the requested attorney fee award is not

only fair and reasonable but it is warranted for the exceptional work and significant resources

devoted by Schlichter Bogard & Denton throughout this litigation.

### A. Class Counsel Was Required to Devote Significant Time and Labor to the Settled Claim (Factor 1)

Prosecuting and settling the claim in this action demanded considerable time and labor,

making this fee request reasonable. As set forth in the declaration of Joel Rohlf, Class Counsel

4

dedicated a significant amount of time and labor to its successful pursuit of this claim with no guarantee of payment.

*Goldberger* notes that "the lodestar remains useful as a baseline even if the percentage method is eventually chosen." *Sines v. Service Corporation International*, No. 03-5465-PKC, 2006 WL 1148725 (S.D.N.Y. May 1, 2006) (internal citations omitted). *See also Tiro* v. *Pub. House Investments, LLC*, No. 11-7679-CM, 2013 WL 4830949 (S.D.N.Y. Sept. 10, 2013)("[T]he trend in the Second Circuit has been to apply the percentage method and loosely use the lodestar method as a baseline or cross check.") "Of course, where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court . . . Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." *Silberblatt v. Morgan Stanley,* 524 F.Supp.2d 425, 434 (S.D.N.Y. Nov. 19, 2007) (internal citations omitted). Class Counsel need only submit documentation appropriate to meet the burden establishing an entitlement to an award, not to satisfy "green-eyeshade accountants." *Fox v. Vice,* 563 U.S. 826, 838 (2011).

ERISA litigation involves a national market because the number of plaintiff's firms which have the necessary expertise and are willing take the risk and devote the resources to litigate complex claims is small. *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 WL 4398475, at *3 (S.D. Ill. July 17, 2015); Schlichter Decl. ¶¶ 23, 27. Class Counsel has brought ERISA actions across the country which have been defended by national firms with ERISA expertise, such as opposing counsel in this case. Schlichter Decl. ¶ 35. Thus, the relevant hourly rate is the "nationwide market rate." *Kruger v. Novant Health, Inc.*, No. 14-208, 2016 WL 6769066, at *4 (M.D.N.C. Sept. 29, 2016); *Clark v. Duke Univ.,* No. 16-1044, 2019 WL 2579201, at *2 (M.D.N.C. June 24, 2019); *Sims v. BB&T Corp.*, No. 15-732, 2019 WL 1993519,

5

at \*2 (M.D.N.C. May 6, 2019); *Ramsey v. Phillips N. Am. LLC*, No. 18-1099, ECF No. 27 at 8 (S.D. Ill. Oct. 15, 2018); *Tussey v. ABB, Inc.,* No. 06-4305, 2015 WL 8485265, at \*7 (W.D. Mo. Dec. 9, 2015); *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432, at \*3 (S.D. Ill. Jan. 31, 2014); *Abbott,* 2015 WL 4398475, at \*2.

Class Counsel has spent over 13,188 hours of attorney time and 2,288 hours of non-attorney time on this matter. Schlichter Decl. ¶ 39; Rohlf Decl. ¶ 6. Class Counsel reviewed thousands of pages of documents; filed, responded to, and reviewed multiple complex motions; attended several court hearings, and took or defended 30 depositions which occurred throughout the country. *See* Rohlf Decl. ¶¶ 10–25. The 15,476 hours spent on this case do not include time spent preparing this motion. In addition, Class Counsel has committed to the following work without any additional fee: (1) preparation for, travel to, and attendance at the final approval hearing; (2) managing the process of handling many calls from participants regarding the notice, timing, and details of the settlement; and (3) interacting and working with the Settlement Administrator. Class Counsel has also undertaken the risk of paying costs if the settlement is not approved.

As recently as earlier this year, Class Counsel's reasonable hourly rates have been approved in a similar ERISA class action litigation. *Pledger v. Reliance Tr. Co.*, No. 15-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021); *Troudt v. Oracle Corp*, No. 16-175, ECF No. 236 (D. Col. July 10, 2020); *see also, e.g.*, *Kelly v. Johns Hopkins Univ.*, No. 16-2835, 2020 WL 434473, at \*6–7 (D. Md. Jan. 28, 2020); *Cassell v. Vanderbilt Univ.*, No. 16-2086, ECF No. 174 (M.D. Tenn. Oct. 22, 2019). The approved hourly rates are as follows: for attorneys with at least 25 years of experience, \$1,060 per hour; for attorneys with 15–24 years of experience, \$900 per hour; for attorneys with 5–14 years of experience, \$650 per hour; for attorneys with 2–4 years of

6

experience, $490 per hour;[5] and, for paralegals and law clerks, $330 per hour. These reasonable hourly rates were independently verified last year by a recognized expert who opined that Class Counsel's requested rates were reasonable based on rates charged by national attorneys of equivalent experience, skill, and expertise in complex class action litigation. Declaration of Sanford Rosen, *Tracey v. MIT*, No. 18-1099, ECF No. 302-6 at 18 (D. Mass. Mar. 27. 2020). Those rates were based on rates that were previously approved, including by the Southern District of Illinois in *Spano v. Boeing Co.*, No. 06-743, 2016 WL 3791123, at *3 (S.D. Ill. Mar. 31, 2016). Considering the close similarities between the above fiduciary breach claims and this one, Class Counsel being the same, and the recency of the decisions, the same rates are appropriate. *See Kruger,* 2016 WL 6769066, at *4.

Using these rates, the lodestar would be $9,214,847, creating a multiplier less than one (0.47). Rohlf Decl. ¶ 6. This is well within the range of multipliers approved by district courts in the Second Circuit and in ERISA cases. *See, e.g., In re Colgate-Palmolive Co. ERISA Litig.*, 36 F.Supp.3d 344, 353 (S.D.N.Y. 2014) (approving a fee award with a multiplier of five and finding in a review of 96 ERISA cases that "the implied multiplier ranged from less than one to eight times the lodestar").

The time and labor expended easily demonstrates the reasonableness of the requested fee award.

## B. This Litigation Was Complex and Demanding (Factor 2)

As this courts in this district have previously noted, ERISA claims are "complex." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-3400-CM-PED, 2010 WL 4537550, at *23 (S.D.N.Y. Nov. 8, 2010). And as the Supreme Court has recognized, "ERISA is a comprehensive

---

[5] All time for staff attorneys is billed at 0–4 years regardless of individual experience.

and reticulated statute . . . and is enormously complex and detailed . . ." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 447 (1999) (internal quotations and citations omitted). Excessive fee litigation "entails complicated ERISA claims" and "novel questions of law." *Martin v. Caterpillar, Inc.*, No. 07-1009, 2010 WL 3210448, at *2 (C.D. Ill. Aug. 12, 2010); *Tussey v. ABB, Inc.*, No. 06-4305, 2012 WL 5386033, at *3 (W.D. Mo. Nov. 2, 2012), *vacated and remanded*, 746 F.3d 327 (8th Cir. 2014). Few firms "are capable of handling this type of national litigation." *Abbott,* 2015 WL 4398475, at *3; Schlichter Decl. ¶¶ 13, 27, 32.

Litigating an ERISA 403(b) breach of fiduciary duty claim requires deep, specialized knowledge of 403(b) industry practices, as demonstrated by the fact that Class Counsel spent over a year investigating the industry before filing any claim. Schlichter Decl. ¶ 22. The novelty and difficulty of this case is further demonstrated by the fact that Defendants retained a global law firm that employed attorneys from multiple offices throughout the nation. The subject matter is highly technical, including facts about prudent investment practices, industry best practices, fiduciary practices, and complex financial matters, requiring use of multiple experts for all parties. Rohlf Decl. ¶ 20.

In addition to the novel questions of law, Plaintiffs also faced recent, adverse precedent. *See, e.g., Divane v. Northwestern Univ.,* No. 16-8157, 2018 WL 2388118 (N.D. Ill. May 25, 2018) (granting motion to dismiss) (affirmed, 953 F.3d 980 (7th Cir. Mar. 25, 2020)); *Wilcox v. Georgetown Univ.,* No. 18-422, 2019 WL 132281 (D.D.C. Jan. 8, 2019) (same); *Sacerdote v. New York Univ.*, 328 F.Supp.3d 273 (S.D.N.Y. 2018) (trial judgment in favor of the defendant). As this Court has recognized, similar claims to the settled claim were dismissed on the pleadings by other courts in this district. *Cunningham v. Cornell Univ.*, No. 16-6525-PKC, 2017 WL

4358769, at *6 (S.D.N.Y. Sept. 29, 2017) (citing *Sacerdote v. New York Univ.*, No. 16-6284-

KBF, 2017 WL 3701482, at *11 (S.D.N.Y. Aug. 25, 2017)).

In sum, the difficulty of ERISA litigation justifies the requested fee award.

## C. Class Counsel Overcame Substantial Risk of Non-Recovery (Factor 3)

"The Second Circuit [in *Goldberger*] has identified the risk of success as perhaps the

foremost factor to be considered in determining a reasonable award of attorneys' fees." *In re*

*Global Crossing Litig.*, 225 F.R.D. 436, 467 (S.D.N.Y. 2004) (internal quotations omitted).

Because of the risks undertaken in a contingent fee case:

> No one expects a lawyer whose compensation is contingent upon his success to
> charge, when successful, as little as he would charge a client who in advance had
> agreed to pay for his services, regardless of success. Nor, particularly in
> complicated cases producing large recoveries, is it just to make a fee depend
> solely on the reasonable amount of time expended.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974) (citation omitted). "Little

about litigation is risk-free, and class actions confront even more substantial risks than other

forms of litigation." *In re Converse Tech., Inc. Sec. Litig.*, No. 06-1825-NGG, 2010 WL

2653354, at *5 (E.D.N.Y. June 24, 2010) (citation omitted); *see also In re Am. Bank Note*

*Holographics, Inc. Sec. Litig.*, 127 F.Supp.2d 418, 433 (S.D.N.Y. 2001) (it is "appropriate to

take this [contingent-fee] risk into account in determining the appropriate fee to award").

Class Counsel's assumption of this risk strongly supports the reasonableness of the

requested fee. *See Flag Telecom*, 2010 WL 4537550, at *27 ("Courts in the Second Circuit have

recognized that the risk associated with a case undertaken on a contingent fee basis is an

important factor in determining an appropriate fee award."); *In re Marsh ERISA Litig.*, 265

F.R.D. 128, 148 (S.D.N.Y. 2010) ("There was significant risk of non-payment in this case, and

Plaintiffs' Counsel should be rewarded for having borne and successfully overcome that risk.").

As discussed above, Class Counsel faced a significant body of adverse precedent with multiple

similar cases being dismissed or resulting in adverse judgments at trial and faced a substantial
risk of non-recovery.

## D. Class Counsel Provided Experienced and Sophisticated Representation (Factor 4)

Class Counsel is not only highly experienced in handing ERISA class actions involving
401(k) and 403(b) plans, but "pioneer[ed] . . . the field of retirement plan litigation." *Abbott*,
2015 WL 4398475, at \*1. Class Counsel is the "preeminent firm" in excessive fee litigation,
having "achieved unparalleled results on behalf of its clients" in the face of "enormous risks."
*Nolte v. Cigna Corp.*, No. 07-2046, 2013 WL 12242015, at \*2–4 (C.D. Ill Oct. 15, 2013). Class
Counsel are "experts in ERISA litigation," *Krueger v. Ameriprise Fin., Inc.*, No. 11-2781, 2015
WL 4246879, at \*2 (D. Minn. July 13, 2015) (citation omitted), and "highly experienced," *In re
Northrop Grumman Corp. ERISA Litig.*, No. 06-6213, 2017 WL 9614818, at \*4 (C.D. Cal. Oct.
24, 2017). The firm also obtained a significant victory in the Supreme Court, which in 2015
unanimously held that an ERISA fiduciary has a continuing duty to monitor plan investments
and remove imprudent ones. *Tibble v. Edison Int'l*, 575 U.S. 523, 135 S.Ct. 1823, 1828–29
(2015). Courts across the country have recognized the reputation, skill, and determination of
Class Counsel in pursuing relief on behalf of retirement plan participants. Recently, Judge
Blackburn of the District of Colorado wrote that Class Counsel "have shown their ability by
achieving the excellent result obtained for the class" and "admirably served as private attorneys
general in this instance, fulfilling one of the purposes of ERISA." *Troudt*, ECF No. 236 (D. Col.
July 10, 2020).

In addressing the efforts of Class Counsel, Chief Judge Osteen of the Middle District of
North Carolina noted as follows:

10

Class Counsel's efforts have not only resulted in a significant monetary award to
the class but have also brought improvement to the manner in which the Plans are
operated and managed which will result in participants and retirees receiving
significant savings in the coming four years.

*Kruger,* 2016 WL 6769066, at \*3. On June 24, 2019, U.S. District Judge Eagles "recognized the

experience, reputation, and ability" of Plaintiffs' counsel and found that the firm "demonstrated

diligence, skill, and determination in this matter and, more generally, in an area of law in which

few attorneys and law firms are willing or capable of practicing." *Clark*, 2019 WL 2579201, at

\*3. In another ERISA class action, Judge Eagles recognized the "skill and determination" of

Class Counsel and noted that "[i]t is unsurprising that only a few firms might invest the

considerable resources to ERISA class actions such as this, which require considerable resources

and hold uncertain potential for recovery." *Sims,* 2019 WL 1993519, at \*3.

Judge McDade of the Central District of Illinois, speaking of Class Counsel, observed

that achieving a favorable result in this type of case required extraordinary efforts because the

"litigation entails complicated ERISA claims." *Caterpillar*, 2010 WL 3210448, at \*2. Judge

Baker from the same district also found:

The law firm Schlichter, Bogard & Denton is the leader in 401(k) fee litigation . . .
[T]he fee reduction attributed to Schlichter, Bogard & Denton's fee litigation and
the Department of Labor's fee disclosure regulations approach \$2.8 billion in
annual savings for American workers and retirees.

*Nolte,* 2013 WL 12242015, at \*2 (internal citations omitted).

Numerous other judges have commended the work of Class Counsel in ERISA matters.

U.S. District Judge Murphy stated:

Schlichter, Bogard & Denton's work throughout this litigation illustrates an
exceptional example of a private attorney general risking large sums of money and
investing many thousands of hours for the benefit of employees and retirees . . .
Litigating the case required Class Counsel to be of the highest caliber and
committed to the interests of the participants and beneficiaries of the General
Dynamics 401(k) Plans.

11

*Will v. Gen. Dynamics Corp.*, No. 06-698, 2010 WL 4818174, at *2 (S.D. Ill. Nov. 22, 2010).

U.S. District Judge Herndon similarly stated as follows:

> Litigating this case against formidable defendants and their sophisticated attorneys required Class Counsel to demonstrate extraordinary skill and determination. Schlichter, Bogard & Denton and lead attorney Jerome Schlichter's diligence and perseverance, while risking vast amounts of time and money, reflect the finest attributes of a private attorney general.

*Beesley*, 2014 WL 375432, at *2. After recognizing "the persistence and skill of [Class

Counsel's] attorneys," U.S. District Judge Rosenstengel similarly noted:

> Class Counsel has been committed to the interests of the participants and beneficiaries of Boeing's 401(k) plan in pursuing this case and several other 401(k) fee cases of first impression. The law firm Schlichter, Bogard & Denton has significantly improved 401(k) plans across the country by bringing cases such as this one[.]

*Spano*, 2016 WL 3791123, at *3.

In awarding attorneys' fees to Class Counsel after the first trial of an ERISA 401(k)

excessive class action, the district court concluded that "Plaintiffs' attorneys are clearly experts

in ERISA litigation." *Tussey*, 2012 WL 5386033, at *3. That court later emphasized the

significant contributions Class Counsel have made to the field of ERISA litigation, including by

educating the Department of Labor and federal courts about the importance of monitoring fees in

retirement plans.

> Of special importance is the significant, national contribution made by the Plaintiffs whose litigation clarified ERISA standards in the context of investment fees. The litigation educated plan administrators, the Department of Labor, the courts and retirement plan participants about the importance of monitoring recordkeeping fees and separating a fiduciary's corporate interest from its fiduciary obligations.

*Tussey*, 2015 WL 8485265, at *2. Class Counsel's experience and resources expended in those

matters contributed to efficiently litigating and resolving this case. *See Ramsey*, ECF No. 27 at

6–7 ("This Court believes that the early settlement in this case was reached due to Schlichter

12

Bogard & Denton's established reputation"). In *Ramsey*, the court cited support by a nationally recognized expert in pension rights who opined that Class Counsel's record of success and perseverance enabled the class to obtain an early favorable settlement, and that no other private law firm could have obtained the early relief in the case. *Id.* at 6 (citing Declaration of Karen Ferguson, Director of non-profit Pension Rights Center, *Ramsey*, No. 18-1099, ECF No. 21-4 ¶¶ 20-22, 24). The same is true here.

**E. The Requested Fee is Reasonable in Relation to the Settlement (Factor 5)**

Courts have interpreted this factor as requiring the review of the fee request in terms of the percentage it represents of the total recovery. *Wal-Mart Stores*, 396 F.3d at 122 ("the percentage used in calculating any given fee award must follow a sliding-scale and must bear an inverse relationship to the amount of the settlement."). "In similar ERISA excessive fee cases, and in particular those brought by Class Counsel, district courts have consistently recognized that a one-third fee is the market rate." *E.g., Kelly*, 2020 WL 434473, at *3 (collecting cases awarding a one-third fee); Rohlf Decl. ¶ 30.

Courts in this District routinely approve fee awards of one-third of the common fund or more including: *Carver vs. Bank of New York Mellon, et al.*, No. 17-10231-JPO, ECF No. 11 (S.D.N.Y. May 23, 2019) (Court awarded attorneys' fees of 33.33% of the settlement fund in an ERISA breach of fiduciary duty case); *Leber v. The Citigroup 401(k) Pension Plan Investment Committee, et al.*, No. 07-9329-SHS, ECF No. 294 (S.D.N.Y. Jan. 3, 2019) (awarding attorneys' fees of one-third of the monetary fund in ERISA breach of fiduciary duty case); and *Osberg v. Foot Locker, Inc.*, No. 07-1358-KBF, ECF No. 426 (S.D.N.Y. June 6, 2018) (in ERISA breach of fiduciary duty case, awarding attorneys' fees 33.33% of the settlement fund). The fee

13

requested by Class Counsel is well within the range of fees that courts in the Second Circuit have awarded in comparable cases.

## F.  Public Policy Encourages Private Actions Under ERISA (Factor 6)

When "awarding attorneys' fees in common fund cases 'the Second Circuit and courts in this district . . . also have taken into account the social and economic value of class actions, and the need to encourage experienced and able counsel to undertake such litigation.'" *In re J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12-2548-VSB, 2019 WL 4734396, at \*3 (S.D.N.Y. Sept. 23, 2019) (internal citation omitted). As stated by courts in this district, a strong public policy concern exists for rewarding firms for bringing successful ERISA suits because "Congress passed ERISA to promote the important goals of protecting and preserving the retirement savings of American workers. The ERISA statute itself specifically encourages private enforcement." *Marsh*, 265 FRD at 149-50. Awards of reasonable attorneys' fees, such as those requested here, encourage "private attorneys to prosecute class actions on a contingent basis . . . on behalf of those who otherwise could not afford to prosecute." *Maley v. Del Global Techs. Corp.*, 186 F.Supp.2d 358, 373 (S.D.N.Y. 2002); *see also Spann v. AOL Time Warner*, No. 02-8328-DLC, 2005 WL 1330937, at \*3-4 (S.D.N.Y. June 7, 2005) (awarding 33 1/3% fee in an ERISA fiduciary breach case, noting that lawsuits such as this create incentives for fiduciaries to comply with ERISA).

This case has promoted the public interest. Without Class Counsel's actions in prosecuting this case, the aggrieved class members' rights would not have been vindicated. Accordingly, public policy favors granting Class Counsel's fee and expense application here.

14

In this case, Named Plaintiffs Chandra Cates, Kelly Stuart, Harry L. Brown, Olga S. Carr, Phyllis E. Hulen, Dr. Saul Silverstein, and William S. Valentine provided invaluable assistance to Class Counsel. *See* Rohlf Decl. ¶ 8. The Named Plaintiffs risked their reputations and alienation from employers "in bringing an action against a prominent [university] in their community." *Kruger,* 2016 WL 6769066, at *6; *see also* Rohlf Decl. ¶ 8. The Named Plaintiffs also expended hours collecting documents to respond to requests for production, responding to multiple interrogatories, preparing for depositions, sitting for depositions, and preparing to testify at trial. Rohlf Decl. ¶¶ 8, 15.

Importantly, all of the Class representatives faced the risk of a significant award of costs under Fed. R. Civ. P. 54(d) and 29 U.S.C. §1132(g) against them *personally* if the litigation was not successful. *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992). This risk is undeniable. In a similar ERISA class action claim that was unsuccessful, the court entered a judgment for costs against the class representatives for over $200,000. *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (upholding an order assessing costs against the named plaintiffs in the amount of $219,211). For these reasons, the Court finds that the requested case contribution awards are appropriate.

The Court finds that the requested case contribution awards of $25,000 for each Class Representative are reasonable and appropriate given their contributions to the action and the risks to them in pursing their claims against Defendants. This amount also is consistent with awards in similar ERISA class action settlements. *See Henderson,* ECF No. 236 at 12; *Kruger,* 2016 WL 6769066, at *6 (collecting cases awarding $25,000 to each named plaintiff).

16

It is **ORDERED** that:

1. Class Counsel's Notice of Motion for Attorneys' Fees and Expenses and Case
   Contribution Awards for Class Representatives (ECF No. 446) is **GRANTED**.

2. The Court awards Class Counsel attorneys' fees of $4,333,333.33, to be paid from the
   settlement fund.

3. The Court awards Class Counsel litigation expenses of $638,367.96, to be paid from the
   settlement fund.

4. The Court awards case contribution awards of $25,000 each for Class Representatives
   Chandra Cates, Kelly Stuart, Harry L. Brown, Olga S. Carr, Phyllis E. Hulen, Dr. Saul
   Silverstein, and William S. Valentine, also to be paid from the settlement fund.

**IT IS SO ORDERED** this ⁄5 day of October, 2021.

OCT 1 8 2021    HON. GEORGE B. DANIELS
                United States District Judge